UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VENTURE INVESTMENTS PROPERTIES,
LLC,

                Plaintiff,

vs.                                    Case No. 3:14-cv-1536-J-34PDB

SCOTTSDALE INSURANCE COMPANY,

                Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 30, 2014, Defendant Scottsdale Insurance Company (Scottsdale) filed its Notice of Removal (Doc. 1; Notice), removing this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. In the Notice, Scottsdale asserts that

"[c]omplete diversity exists between the parties in accordance with 28 U.S.C. § 1332," and that "[t]he matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs." See Notice at 2. In support of the assertion regarding diversity of citizenship, Scottsdale asserts that it is a "corporation organized and existing under the laws of the State of Ohio and having its principal place of business in Arizona." Id. However, Scottsdale fails to identify the citizenship of Plaintiff Venture Investment Properties, LLC (Venture).[1] Instead, Scottsdale alleges that the commercial property at issue in this litigation and allegedly owned by Venture is "located at 1429 West 16th Street, Jacksonville, Duval County, Florida 3319." Id. Scottsdale cites no authority to suggest that diversity of citizenship in this action can be established by the location of the subject property.

Rather, for a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity. See id. Since Venture is a limited liability company, Scottsdale must identify the citizenship of each of Venture's members.

---

[1] The Court notes that the Amended Complaint for Breach of Contract and Demand for Jury Trial (Doc. 2; Complaint) identifies Venture as "a limited liability company organized and existing under the laws of the State of Florida." See Complaint ¶ 1. However, for the reasons discussed below, this allegation is insufficient to establish Venture's citizenship.

In light of the foregoing, the Court will give Scottsdale an opportunity to identify Venture's citizenship, and that this Court may properly exercise jurisdiction over the instant action.[2]  Accordingly, it is hereby

**ORDERED**:

Defendant Scottsdale Insurance Company shall have until **January 20, 2015**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 5, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ; see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").