UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VENTURE INVESTMENTS PROPERTIES, LLC,

          Plaintiff,

vs.                            Case No. 3:14-cv-1536-J-34PDB

SCOTTSDALE INSURANCE COMPANY,

          Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On December 30, 2014, Defendant Scottsdale Insurance Company (Scottsdale) removed this case from the Fourth Judicial Circuit Court, in and for Duval County, Florida, asserting that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the matter in controversy exceeds $75,000. See Notice of Removal (Doc. 1; Notice) at 2. Upon review of the Notice, the Court entered an Order on January 5, 2015, explaining that the Court could not determine the citizenship of Plaintiff Venture Investments Properties, LLC (Venture) based on the information set forth in the Notice and directing Scottsdale to provide the Court with sufficient information so that the Court could determine whether it has diversity jurisdiction over this action. See Order (Doc. 6). Scottsdale filed its response to the Court's Order on January 20, 2015. See Defendant, Scottsdale Insurance Company's Response to January 5, 2015 Court Order (Doc. 8; Response). Upon review of the Response, the Court finds that Scottsdale still fails to provide the Court with sufficient information to establish this Court's diversity jurisdiction.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). Pursuant to the information provided in the Notice, Scottsdale is a citizen of Ohio and Arizona. See Notice at 1-2. In the Response, Scottsdale asserts that Venture's "only member is David Taylor and his address is 2821 Gibson Road, Jacksonville, Florida 32207." See Response at 1. Despite identifying Taylor as Venture's "only member," Scottsdale then alleges that Venture's "only member is Manager, 40G Corporation, located at: Post Office Box 41641, Jacksonville, Florida 32203-1641." See id. at 2. These confusing and contradictory allegations are insufficient to establish Venture's citizenship. Although Scottsdale attaches Venture's Articles of Organization and Annual Reports to the Response, these exhibits do not clarify the matter. See id., Exs. A-B.

As the Court previously explained, "'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" See Order at 2 (quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). To establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members. See Rolling Greens MHP, L.P., 374 F.3d at 1022. Given the contradictory way in which Scottsdale identified Venture's members in the Notice, it is unclear whether Venture's membership includes Taylor, 40G Corporation, or both. See Notice at 1-2. Moreover, upon review of the Exhibits, the Court questions whether Scottsdale has identified all of Venture's members or just the managing members. See id., Exs. A-B. The Annual Reports also contain the names of other individuals, such as Anthony Hurdle and Albert Campbell, who

appear to be members of Venture as well.  See id., Ex. B.  Because it is unclear whether Scottsdale has alleged the identity of all of Venture's members, the Court is unable to determine Venture's citizenship and whether this Court has diversity jurisdiction over this action.

In addition, to the extent Taylor and 40G Corporation are members of Venture, Scottsdale fails to adequately allege their citizenships.  With respect to Taylor, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257 - 1258 (11th Cir. 2002) (quotation and citation omitted).  In the Notice, Scottsdale identifies only Taylor's "address," and does not include any allegations as to his citizenship.  Thus, Scottsdale has not alleged the facts necessary to establish Taylor's citizenship.  Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[D]omicile' is not necessarily synonymous with 'residence'").  As to 40G Corporation, Scottsdale provides the Court with only a Post Office Box where 40G Corporation is "located."  A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).  As Scottsdale fails to allege 40G

Corporation's state of incorporation or principal place of business, the Court is unable to determine 40G Corporation's citizenship.

Without knowledge of the identity and citizenship of all the members of Venture, the Court is unable to determine whether complete diversity exists between Venture and Scottsdale. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace Venture's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford Scottsdale another opportunity to provide the Court with

sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

**ORDERED**:

Defendant Scottsdale Insurance Company shall have until **February 4, 2015**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 21, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties