United States District Court
Middle District of Florida
Jacksonville Division

**VENTURE INVESTMENT PROPERTIES, LLC,**

    *Plaintiff,*

v.                                                                                    **NO. 3:14-cv-1536-J-34PDB**

**SCOTTSDALE INSURANCE COMPANY,**

    *Defendant.*

## Order

The background of the case is in the Court's July 23, 2015, order. Doc. 47. Pending are several motions. Docs. 46, 55, 57, 58, 59, 67. The Court heard argument on them on September 22, 2015.

In one motion, the plaintiff moves for attorney's fees based on the confession-of-judgment doctrine. Doc. 46 (motion); Doc. 53 (response); Doc. 65 (reply). At the oral argument, the plaintiff's counsel explained he had filed the motion when he did to avoid any untimeliness argument but agreed on the appropriateness of waiting to decide it until after a determination on liability for the breach-of-contract claims. The Court **defers ruling** on the motion until that time. Because pertinent events may occur between now and then, the Court **directs** the plaintiff to expeditiously file a supplemental motion after the determination on liability for the breach-of-contract

claim and after a Local Rule 3.01(g) conference about the supplemental motion.[1] If the conference renders the original motion moot, the plaintiff must expeditiously advise the Court.

In another motion, the plaintiff moves to compel documents addressed in the Court's July 23, 2015, order. Doc. 55 (motion); Doc. 64 (response). At the oral argument, the plaintiff's counsel explained he had received the documents after filing the motion. The Court **denies** the motion as moot. The plaintiff also requests sanctions under Federal Rule of Civil Produce 37(b)(2)(A), which allows a court to "issue further just orders" for disobeying a discovery order.[2] The circumstances here warrant no sanction: the order included no specific deadline; the defendant needed time to consider appealing the order; the defendant cooperated in rescheduling depositions dependent on the documents; the defendant's collection of the documents was hampered by the extended absence of an employee of the defendant; the defendant produced the documents shortly after the time for appealing ended; and the plaintiff has suffered no apparent prejudice from the delay. The Court **denies** the request for sanctions.

---

[1]Given opposite accounts of whether a Rule 3.01(g) conference occurred before the plaintiff filed the motion and the undesirability of having to decide which lawyer is telling the truth, the Court does not address the issue now.

[2]The plaintiff does not seek sanctions under Federal Rule of Civil Procedure 37(a)(5), which requires sanctions if disclosure of requested discovery is provided after a motion to compel was filed unless the opposing party's nondisclosure was substantially justified, the movant filed the motion before trying to resolve the matter without court action, or other circumstances make an award of expenses unjust. The circumstances warrant no sanction under that rule either.

In another motion, the plaintiff moves to compel the production of claim notes. Doc. 57 (motion); Doc. 63 (response); Doc. 70 (reply). Defense counsel provided the notes for the Court's (ultimately unopposed) in camera review. The Court has completed that review. The notes generally record facts about the plaintiff's property, details about thefts of copper wiring from there and the damage they caused, the criminal investigation and prosecution of the thieves, inspections of the property by adjusters on both sides, repair and valuation estimates, reasons why the damages might not be covered, steps to decide the claims, the plaintiff's duty to provide information and access to the property, and payments on the claims. At the oral argument, defense counsel conceded the work-product analysis in the Court's July 23, 2015, order, Doc. 47, would apply to the notes but the relevancy analysis in the order would not. Discerning no meaningful difference for relevancy purposes between the information in the notes and the information in the files produced as a result of the Court's July 23, 2015, order, Doc. 47, the Court **grants in part** the motion under the same rationale. The Court **directs** the defendant to expeditiously provide the notes to the plaintiff after redacting as irrelevant or privileged the notes that discuss the filing of the lawsuit.

In another motion, the defendant moves for leave to continue the deposition of Christopher Eiras. Doc. 58 (motion); Doc. 62 (response). Although the defendant had reason to know through initial disclosures that Mr. Eiras's deposition might last awhile, defense counsel planned only two hours for it and arrived 15 minutes late, and Mr. Eiras could not stay over 8 minutes past the allotted time. The

underestimation and tardiness are attributable to forgivable mistakes—not to unforgiveable malice—and therefore do not warrant the harsh result of precluding the defendant from discovering through deposition everything Mr. Eiras knows about the issues. Plus, no one will be more than minimally inconvenienced by returning to finish his deposition. The Court **grants** the motion.

In another motion, the defendant seeks an order directing that the deposition of David Gee, one of two of its corporate representatives, be taken in Scottsdale, its principal place of business. Doc. 59 (motion); Doc. 62 (response). The deposition of a corporate defendant's representative should usually take place at its principal place of business, *Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979); 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2112 (3d ed.), but circumstances may weigh against that presumption, *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007) (unpublished), and Local Rule 3.04(d) provides as guidance the Court's general policy that a non-resident defendant who intends to be present for trial may reasonably be deposed at least once here during the discovery phase or within a week before trial "as the circumstances seem to suggest." Based on the guidance and the defendant's previous willingness to arrange Mr. Gee's deposition in Orlando (albeit under slightly different circumstances), the Court **denies** the motion. The plaintiff's counsel should reasonably accommodate Mr. Gee's schedule and take the deposition in Scottsdale if the plaintiff's counsel plans to travel there for any other deposition.

In the final motion, the plaintiff again requests sanctions under Rule 37(b)(2)(A), and, this time, also under Rule 37(c), which prohibits a party from using information not provided as required absent substantial justification or harmlessness and allows the imposition of other sanctions. Doc. 67 (motion). The plaintiff describes what it believes to be "a pattern of disregard of this Court's orders and deadlines" that has "irreparably prejudiced" the plaintiff. Doc. 67 at 5, 6. Disagreeing with that characterization of defense counsel's conduct and finding the claimed outcome hyperbolic, the Court **denies** the motion without prejudice to refiling a motion for payment of costs or fees for any **continuation** of a deposition **necessary** to ask about the belatedly disclosed existence of the claim notes that cannot be reasonably accomplished through other, less costly discovery means.

Thus, the Court:

(1)     **defers** ruling on the motion for attorney's fees, Doc. 46, and **directs** the plaintiff to expeditiously file a supplemental motion after the determination on liability for the breach-of-contract claim and after a Local Rule 3.01(g) conference;

(2)     **denies as moot** the motion to compel the production of documents and **denies** the request for sanctions, Doc. 55;

(3)     **grants in part** the motion to compel claims notes, Doc. 57, and directs the defendant to expeditiously provide the notes to the plaintiff after redacting as irrelevant or privileged the notes that discuss the filing of the lawsuit;

(4)     **grants** the motion to continue the deposition of Mr. Eiras, Doc. 58;

(5)     **denies** the motion for protective order, Doc. 59; and

(6) **denies without prejudice** the motion for sanctions, Doc. 67.

Ordered in Jacksonville, Florida, on September 24, 2015.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record