United States District Court
Middle District of Florida
Jacksonville Division

**VENTURE INVESTMENT PROPERTIES, LLC,**

    *Plaintiff,*

v.                                                                        No. 3:14-cv-1536-J-34PDB

**SCOTTSDALE INSURANCE COMPANY,**

    *Defendant.*

## Order

Before the Court is the plaintiff's motion to compel previously undisclosed claims notes and for sanctions, Doc. 75, the defendant's response, Doc. 80, and the plaintiff's reply, Doc. 86. The Court heard argument on the motion. Doc. 87. Background is in the Court's July 23, 2015, order, Doc. 47, and September 24, 2015, order, Doc. 73.

"[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A responding party has a duty to supplement responses if it "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Failure to supplement subjects the party to sanctions; "the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions[.]" Id.

The plaintiff seeks sanctions for the belated production of claims notes sought in earlier motions to compel. Doc. 75 at 1–2. It identified two undisclosed "File Notes" and contends it belatedly received additional claims notes (31 pages of "Loss Notice" forms and 47 pages of "Adjuster activity notes") from the defendant at the January 2016 depositions of the defendant's insurance adjusters, George Turnbull and Shawn Starbuck, in violation of the Court's September 24, 2015, order. Doc. 75 at 3–4. The plaintiff contends that, given the way discovery has proceeded, it cannot be confident it has everything it should have. Doc. 75 at 5. At a minimum, it wants assurance the defendant has disclosed all claim notes the Court ordered it to disclose, Docs. 47, 73; a continuation of Mr. Starbuck's, Mr. Turnball's, and David Gee's depositions; and the reasonable expenses incurred because of the defendant's failures. Doc. 75 at 9.

The defendant initially represented the plaintiff now has everything it should have. Doc. 80 at 7–10. But in its reply, the plaintiff represented the defendant produced 15 more pages of "File Notes" after making that representation. Doc. 86 at 2. At the hearing, defense counsel agreed to provide Mr. Starbuck and Mr. Turnball for continuations of their depositions and to file sworn declarations verifying all non-

protected, non-privileged responsive documents have been produced and explaining the process by which each declarant verified completeness.

Considering the circumstances (the conduct of both sides during discovery, the defendant's undisputed failure to timely produce the documents and mistaken representation that production had been complete, and the absence of any evidence indicating any willfulness or other malfeasance), the Court **grants** the motion, Doc. 75, but only to the extent it seeks the sworn declarations, the continuation of the depositions of Mr. Starbuck and Mr. Turnball, and reasonable expenses incurred because of the defendant's failures. The Court **denies** the motion to the extent it seeks the continuation of Mr. Gee's deposition without prejudice to seeking leave to depose him on a limited basis when he is here for trial. In light of the dispute and the Court's crowded April calendar, the Court **vacates** the remaining deadlines and dates in the amended case-management and scheduling order, Doc. 74.

The defendant must file the sworn declarations by **March 18, 2016**. The defendant must provide Mr. Starbuck and Mr. Turnball for depositions by **March 25, 2016**, for the limited purpose of allowing the plaintiff's counsel to ask about the belatedly provided claim notes. The defendant must pay the plaintiff the reasonable expenses, including attorney's fees, incurred in continuing those deposition and in bringing the motion (excluding expenses for travel for arguments on the motion given the option to appear by telephone). The parties must confer in good faith to attempt to reach agreement on the amount of reasonable expenses; if they cannot, the Court will decide the issue upon motion by either party. The parties must file a joint notice

regarding whether they consent to trial by a magistrate judge by **March 18, 2016**. If they do, they must provide at least two mutually acceptable dates to begin trial. The Court will enter an amended scheduling order once that has been filed.

   **Ordered** in Jacksonville, Florida, on March 9, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record